UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE E. BROWN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 1:08CV182 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### **MEMORANDUM AND ORDER**

On November 8, 2010, I denied movant George Brown's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and I denied a certificate of appealability in the same order.  The Eighth Circuit Court of Appeals also denied his request for a certificate of appealability.  Brown has now filed a "Motion Under Rule 60(b)."  Brown now argues that I used an incorrect legal standard to evaluate his claims when I denied his § 2255 motion.

Brown's motion must be denied.  Rule 60 provides a method for seeking relief from a judgment on a variety of grounds, but in the context of a habeas proceeding, it cannot be used as a way to avoid dealing with the rule against successive habeas petitions.  *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).  28 U.S.C. §2255(h) requires a movant seeking to bring a second or successive § 2255 motion to first obtain permission from the Court of Appeals.   In *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005)*,* the Supreme Court explained that motions attacking "some defect in the integrity of the federal habeas proceedings" could be brought under Rule 60(b), but motions asserting a claim on the merits could not.  *See also Ward v. Norris*, 577 F.3d 925 (8th

Cir. 2009). Examples of appropriate Rule 60 motions in habeas cases are those which attack a court's decision on things such as exhaustion, procedural bar, or statute of limitations.

In his amended motions Brown argues that this is not a successive § 2255 motion because, he says, his claim that I applied an incorrect legal standard to evaluate his claims is a procedural issue, not a decision on the merits. He is wrong. His motion is no more than another attempt to argue that he received ineffective assistance of counsel and that my evidentiary rulings were wrong – his claim that I used an incorrect legal standard is exactly what he would have been claiming had he been allowed to appeal my decision. But both I and the Court of Appeals denied his requests for a certificate of appealability, and he cannot use Rule 60(b) to re-raise the same claims. And to the extent his various filings might be an attempt to bring new claims, the motion is really a successive § 2255 motion. Because Brown has failed to receive authorization from the Eighth Circuit Court of Appeals before filing this motion, it must be denied.

For these reasons,

**IT IS HEREBY ORDERED** that Brown's motion and amended motions for relief from judgment [#37, 39, 42] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2012.