UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE E. BROWN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08 CV 182 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# **MEMORANDUM AND ORDER**

On November 8, 2010, I denied movant George Brown's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and I denied a certificate of appealability in the same order. The Eighth Circuit Court of Appeals also denied his request for a certificate of appealability. Brown then filed a "Motion Under Rule 60(b)," arguing that I used an incorrect legal standard to evaluate his claims when I denied his § 2255 motion. I found his Rule 60(b) Motion to be a successive § 2255 motion and denied it on July 6, 2012. The Court of Appeals affirmed that ruling and denied rehearing en banc. Brown has now filed for "Relief from Judgment or Order under Rule 60(b)(1)(6) by Independent Action Pursuant to Rule 60(d)(1)." He argues that the court misapplied the law and used the incorrect legal standard, constituting a defect in the proceedings.

Brown's motion must be denied for the same reasons I denied his previously-filed motion under Rule 60. *See* ECF No. 44. Federal Rule of Civil Procedure 60 provides relief from a prior judgment or order, but it cannot be used to avoid the rule against successive habeas petitions and as a means to re-raise the same claims. Because Brown's Rule 60(b) motion was in fact a second or successive § 2255 motion, and his requests for a certificate of appealability were denied by this court and the Court of Appeals, I denied his motion. The request for relief currently before the court also seeks to re-argue the same habeas claims. It is therefore a successive § 2255 motion and will be denied.[1]

To the extent that Brown seeks to distinguish this motion by raising it under Rule 60(d) instead of Rule 60(b), I find the distinction insignificant. Unlike his first Rule 60 motion, Brown requests relief here in "an independent action[2] to relieve a party from a judgment, order, or proceeding" under Rule 60(d)(1). Rule 60(d) was added to the Federal Rules in 2007, but such relief was initially allowed under the savings clause of Rule 60(b). *Superior Seafoods, Inc. v. Tyson Foods,*

---

[1] Brown has filed at least one additional challenge to his conviction, attempting yet a different procedural means to re-litigate the same issues. See *Brown v. United States, 1:17 CV 103 RLW* (Order dated June 20, 2017, dismissing his application for a writ of coram nobis).

[2] Brown's *pro se* request for "Relief from Judgment or Order Under Rule 60(b)(1)(6) by Independent Action Pursuant to Rule 60(d)(1)" was docketed under this civil case number and not as a new civil case. His "Relief" request contains this civil case number in the caption and the attached cover letter did not specify that the filing was intended to initiate a new case. ECF Nos. 54, 54-1. However, the cover letter attached to Brown's Reply in Support of his request does state, "please be advised that I have noticed that this proceeding has not been docketed under a new civil proceeding or case number, please explain why." ECF No. 56-1 at 1. Regardless of how Brown's "Relief" request is docketed, my ruling here does not change.

*Inc.*, 620 F.3d 873, 878 (8th Cir. 2010). The Eighth Circuit has stated that the indispensable elements for obtaining relief from a prior judgment under the savings clause are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id.* (*quoting Nat'l Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir. 1903)). Furthermore, relief under Rule 60(d)(1) requires a showing that it would be "manifestly unconscionable' to enforce the judgment. *Id.* (*quoting Griffin v. Fed. Deposit Ins. Corp.*, 831 F.2d 799, 802 (8th Cir. 1987) (internal citations omitted)).

Brown has demonstrated none of the required elements for relief under Rule 60(d)(1), and nothing in this case indicates that it would be manifestly unconscionable to allow the judgment to stand. Brown's arguments concerning the incorrect application of the law and the failure to follow the proper legal analysis, by both this court and the Court of Appeals, are just another attempt to re-litigate my evidentiary rulings and argue that he received ineffective assistance of counsel. Because Brown has established none of the requirements justifying extraordinary relief through an independent action and he has failed to receive authorization from the Eighth Circuit Court of Appeals before filing this motion, his request will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Brown's request for Relief from Judgment [#54] is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2017.